Amanda F. Benedict, Ca. Bar No. 200291
LAW OFFICES OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7562
amanda@amandabenedict.com
*Attorney for Plaintiff,*
*Taiwan Cameron*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIWAN CAMERON,<br><br>                    Plaintiff<br><br> -Against-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>TRANS UNION, LLC,<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of the Fair Credit   Reporting Act;<br><br>2. Violation of California Consumer Credit    Reporting Agencies Act |

Plaintiff Taiwan Cameron ("Plaintiff" or "Cameron"), a California resident, brings this Complaint by and through his attorneys, the Law Offices of Amanda F. Benedict, against Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Capital One Bank (USA), N.A. ("Capital One"), respectfully sets forth, complains and alleges, upon information and belief, the following:

///

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies, California Civil Code §1785.25(a).

## PARTIES

4.     Plaintiff is a resident of the State of California, residing in the County of Los Angeles, at 6729 Laramie Avenue, Winnetka, CA, 91306.

5.     At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.     Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of California and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

7.     At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.      Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of California and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

10.      At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11.      At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

12.      Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of California, and may be served with process upon C T Corporation System, its registered agent for service of process at 818 West Seventh Street, Suite 930, Los Angeles, CA, 90017.

13.      At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14.      At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15.      Defendant Capital One Bank (USA), N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and is a corporation doing business in the State of California and may be served with process upon, Corporation Service Company, which will do Business in California

- 3 -

as CSC- Lawyers Incorporating Service, its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## FACTUAL ALLEGATIONS

16.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

**Equifax Dispute and Violations**

17.     On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a Capital One credit card account.

18.     The inaccurate information furnished by Defendant Capital One and published by Defendant Equifax specifically related to a Capital One credit card account, that Plaintiff alleges is inaccurately reporting a balance on his credit file due to Plaintiff having previously fully settled the account and Capital One's agreement to discontinue the reporting of this account.

19.     Specifically, the Plaintiff and Defendant Capital One had agreed to a settlement of this account via Defendant Capital One's appointed collection agency Client Services, Inc. It was agreed to settle the outstanding balance of $1,065.06 for $533.00 and Plaintiff sent a check to the Client Services, Inc. made out to Capital One Bank for that amount. In addition, Plaintiff's settlement check specifically stated by accepting this payment Capital One was agreeing to trade line deletion.

20.     Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

21.     Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting in a dispute letter sent on or around December 12, 2018 specifically stating in a letter that he was disputing the Capital One

account and providing evidence that the Capital One account had been settled and that it had agreed to cease the reporting of this account.

22.     It is believed and therefore averred that Defendant Equifax notified Defendant Capital One of Plaintiff's dispute.

23.     Upon receipt of the dispute of the account from the Plaintiff by Equifax, Capital One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including multiple late payments and a negative reporting status.

24.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate of consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the dispute account was inaccurate.

25.     As of the date of the filing of this Complaint, Defendant Capital One continues to furnish credit data which is inaccurate and materially misleading and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

26.     Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

27.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**Trans Union Dispute and Violation**

28.     On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

29.     The inaccurate information furnished by Defendant Capital One and published by Defendant Trans Union specifically related to a Capital One credit

- 5 -

card account that is inaccurately reporting a balance owed, as Capital One settled this debt directly with Plaintiff through a settlement reached with its collection agency, Client Services, Inc. In addition, Plaintiff's settlement check stated that by accepting this payment Capital One agrees to cease credit reporting of this account.

30.     Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

31.     Plaintiff notified Trans Union that the disputed the accuracy of the information Trans Union was reporting, in a dispute letter that was sent on or around December 12, 2018, specifically providing proof that the balance had been settled and that as per an agreement with Capital One this account should not be reported and provided evidence of this agreement.

32.     It is believed and therefore averred that Defendant Trans Union notified Defendant Capital One of Plaintiff's dispute.

33.     Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Capital One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

34.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

35.     As of the date of this Complaint, Defendant Capital One continues to furnish credit data which is inaccurate and materially misleading, and Defendant Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

36.    Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

37.    As a result of Defendants' erroneous reporting, Plaintiff has suffered a decrease in creditworthiness and credit score.

**Experian Dispute and Violation**

38.    On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

39.    The inaccurate information furnished by Defendant Capital One and published by Defendant Experian specifically related to a Capital One credit card account, that Plaintiff alleges is inaccurately reported in his credit file and is showing a balance due that is no longer owed.

40.    Specifically, Plaintiff agreed to a settlement of his Capital One account with Client Services Inc. In addition, Plaintiff settlement check contained a contract to discontinue the reporting of this account upon accepting Plaintiff settlement funds.

41.    Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

42.    Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around December 12, 2018 specifically stating in a letter that he was disputing the Capital One account and provided evidence as to the settlement and the agreement made with Capital One to cease the reporting of this account.

43.    It is believed and therefore averred that Defendant Experian notified Defendant Capital One of Plaintiff's dispute.

44.    Upon receipt of the dispute of the account from the Plaintiff by Experian, Capital One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including multiple late payments and a negative reporting status.

45.    Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Experian did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

46.    Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

47.    As of the date of the filing of this Complaint, Defendant Capital One continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

48.    Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

49.    As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## COUNT I

### (Willful Violation of the FCRA as to Equifax)

50.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

51.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

52.     Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

53.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)     The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)     The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)     The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

54.     As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

55.     The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

56.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT II

### (Negligent Violation of the FCRA as to Equifax)

57.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

58.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

59.     Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

60.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)      The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)      The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)      The failure to take adequate steps to verify information Equifax n had reason to believe was inaccurate before including it in the credit report of the consumer.

61.    As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

62.    The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

63.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT III

### (Willful Violation of the FCRA as to Trans Union)

64.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

65.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

66.     Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

67.     Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)     The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT VI

### (Negligent Violation of the FCRA as to Trans Union)

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

- 13 -

73.     Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

74.     Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)     The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)     The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h)     The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

75.     As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

76.     The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

77.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT V

### (Willful Violation of the FCRA as to Experian)

78.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

79.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

80.     Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

81.     Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

- 15 -

b)      The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)      The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)      The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

82.    As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

83.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

84.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

///

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT VI

### (Negligent Violation of the FCRA as to Experian)

85.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

86.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

87.    Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

88.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a)    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)    The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)      The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

89.     As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

90.     The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

91.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT VII

### (Willful Violation of the FCRA as to Defendant Capital One.)

92.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

- 18 -

93.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

94.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

95.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

96.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

97.     The Defendant Capital One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

98.     Specifically, the Defendant Capital One continued to report this account on the Plaintiff's credit report after being notified of his dispute in which he disputed the account by stating and providing evidence that the account had been settled and no balance is owed and that Capital One agreed to discontinue credit reporting of this account.

99.     As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to

purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

100.    The conduct, action and inaction of Defendant Capital One was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

101.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant Capital One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## COUNT VIII

### (Negligent Violation of the FCRA as to Defendant Capital One.)

102.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

103.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

104.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate,

the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

107.   Defendant Capital One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

108.   After receiving the Dispute Notice from Equifax, Trans Union, and Experian, Defendant Capital One negligently failed to conduct its reinvestigation in good faith.

109.   A reasonable investigation would require a furnisher such as Capital One to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

110.   The Plaintiff clearly disputed and provided evidence in his dispute that this account was being improperly reported with a balance and that Defendant Capital One had agreed to cease further credit reporting of this account.

111.   Despite this clear dispute the Defendant Capital One failed to properly investigate and correct and remove the reporting of this account from Plaintiff's credit report.

112.   The conduct, action and inaction of Defendant Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

113.   As a result of the conduct, action and inaction of Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

114.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Taiwan Cameron, an individual, demands judgment in his favor against Defendant Capital One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### COUNT XI

### (Violation of California Consumer Credit Reporting Agencies Act)

### [Against all Defendants]

115.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

116.   The foregoing acts and omissions constitute numerous and multiple violation of the California Consumer Credit Reporting Agencies Act.

117.   As a result of each and every negligent violation of the CCRAA, Plaintiffs are entitled to damages as the Court may allow pursuant to Cal. Civ. Code § 1785.31(a) from Defendants.

118.   As a result of each and every willful violation of the CCRAA, Plaintiff is entitled to damages as the Court may allow pursuant to Cal. Civ. Code § 1785.31(a)(2) against Defendants, including punitive damages of $100-$5,000 per willful violation.

119.   Because Defendant Capital One is a  partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant Capital One is and always was obligated to not furnish information on a specific transaction or experience to any consumer reporting agency if they knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code §1785.25(a). Thus, Defendant Capital One violated Cal. Civ. Code § 1785.25(a).

### DEMAND FOR TRIAL BY JURY

120.      Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Taiwan Cameron demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2)

Dated:  August 1, 2019

*/s/ Amanda F. Benedict*
Amanda F. Benedict SBN: 200291
Law Office of Amanda Benedict
Attorney for Plaintiff,
Taiwan Cameron